The opinion of the court was delivered by
DeBlakc, J.
J. D. Montgomery and his wife died in the parish of Franklin, leaving two minor children. At the death of the husband, the wife was confirmed in the tutorship of said children, and — at her death— the defendant, E. M. Ward, was appointed as their tutor by the judge of probate of their parents’ last place of domicil.
*1283 John W. "Willis applied for and obtained the administration of the succession of J. D. Montgomery, caused to be sold the property thereto belonging, and — at one of the sales made during his administration of ¡said succession, his wife became the adjudicatee of a large tract of land for the price of two thousand two hundred and fifteen dollars, which— according to a declaration in the deed from the sheriff to her — she paid on the day of the sale. This was on the 30th of March 1870. On the 23d of May 1876, that sale was confirmed, in a monition proceeding, by the probate court of the parish of Franklin. Ward — as tutor — opposed that confirmation, but, on account of the unforeseen sickness of his attorney, he was not represented at the trial of Mrs. Willis’ application for the homologation of said sale, and his opposition was defeated.
On the 24th of November 1868, Mrs. Willis sued her husband for the ■dissolution of the community existing between them, a separation of property and the recovery of the sum of eighty dollars, the alleged price of two feather beds, one bureau, one table, one mirror, one wasbstand ¡and a lot of crockery sold by her husband and which belonged to her.
On the same day — the 24th of November 1868 — John W. Willis answered his wife’s demand by a general denial, and a judgment was rendered in her favor, read and signed, allowing all that she asked. To ■such a course, however precipitate it was, there can be no serious objection. Beal rights may be urged, established and judicially ascertained ¡and recognized in the space of a moment.
In this instance, how did the wife prove the existence, nature and-extent of’her rights? By exclusively her husband’s answers to three interrogatories propounded to him. He swore that the effects claimed by his wife have been sold by him, that the price of those effects was received, but by whom? He did not say, nor did he say that he was ■then in an embarrassed condition.
In the case which is now before us, Mrs. Willis charges that Ward— In his pretended capacity as tutor of the children of J. D. Montgomery, is interfering with and disturbing her in the possession of the land which ¡she acquired from the succession of said deceased, and — on that account — she prays that the decree by which he was appointed tutor of ¡said children be declared a nullity and he removed as such.
The cause which prompted Mrs. Willis to bring this action against Ward, is not that he has been careless of the minors’ interest, or in any way unfaithful in the discharge of the duties imposed upon him by his appointment, its acceptance and the law, but for the reason, which she lierself states, that Ward claims as belonging to the minors, the tract of land herein referred to and to which she — Mrs. Willis — considers that ¡she has acquired a title. This is her only reason: as to the grounds on which she relies to procure his removal, they are : that, at the date of *1284 his appointment as tutor:, the children of J. D. Montgomery.were not residing in the parish of Franklin, but with their grandfather — in the State of Mississippi, and that — as to.them — the Louisiana court by which the appointment was made was without jurisdiction ; besides— that no one but their grandfather was then entitled to the tutorship conferred on defendant...,, .
To plaintiffs action, Ward opposed the exception that she had not. been authorized, by her husband to institute this suit, and the plea of “res judicata.” ..His exception and plea were tried and overruled, and he answered. In bis .answer, .he asserts the legality of his appointment, alleges that Mrs. Willis’ judgment against her husband was obtained with the latter’s cons.ent, without proper evidence, for the express purpose of defrauding the minors Montgomery, and that said judgment should be pronounced a nullity.
Mrs. Willis contends that the question raised by defendant as to the validity of her judgment against her husband was already raised by him and determined by the Court in the opposition which he filed to her application for the confirmation of the sale from, the sheriff to her; and — to that branch of his demand — she, in turn, filed the exception of res judicata.
Plaintiff’s and defendant’s demand were both rejected. Defendant-alone has appealed : he contends that the judgment of the lower court should be amended, plaintiff’s plea of res judicata overruled, and the decree which separates her in property from her husband declared a nullity. This was partly done below : the plea of res judicata was one of the defences of Mrs. Willis against the tutor’s action, and — in this-case — though the whole of her demand was denied and rejeetéd, she does not ask either the reversal or amendment of the decree by which it was done.
Plaintiff’s counsel objected to the introduction of any evidence tending to show the invalidity of the judgment which she obtained against her husband, on the ground that said judgment could not be attacked collaterally : his objection was not sustained, the evidence received, and her counsel excepted to the decision of the court on this point. For at least, one reason, that exception was not well taken : defendant, after having alleged and established an interest so to do, had — in positive terms— assailed as being invalid and as having been rendered on illegal evidence, the j udgment of Mrs. Willis against her husband, and she — on the trial, as a part of her own evidence — offered the entire record of the suit in-which that judgment was obtained, including the testimony therein contained.
That judgment based — as it is — on exclusively the incomplete testimony, or rather the willing confession of her husband, who — the Code *1285 so expressly provides — oan not be a-witness for or against his wife — art. 2281 (2260) — constitutes but a private agreement between them, decides nothing as to third parties, and — as to the latter — “ has only the effect •of a transaction made in ah authentic form.” ‘ Such a judgment is — as to all, except perhaps those who have consented to its rendition — an ■absolute nullity which can be urged directly or collaterally,-by any one who has an interest so to do, whenever it is presented as the basis of a disputed right or contested action, and more particularly when — as in this case — the testimony or confession on which it is rendered would be Insufficient to sustain its validity, even if given or made by any other than one whose testimony could have been heard, received and considered, but in disregard of a prohibitory law. 2 A. 907 ; 3 A. 34 and 35 -, 4 A. 276 ; 6 A. 2 ; 12 A. 426 ; 29 A. 732.,
Were it otherwise, plaintiff resides in Richland, defendant in Franklin, and — under the circumstances — the latter could have instituted an action in reeonvention against the former in any cause, although such demand be not necessarily connected with, or incidental to the main •cause of action.
O. P. 375.
It is in the power of litigants, by their pleadings, by the course they pursue on the trial of their suits, to present or avoid issues, to close the door against or open it to this or that evidence, but the issue once presented can not be limited so as to serve the purposes of only one of the litigants, the door opened to plaintiff’s evidence can not be arbitrarily ■closed against defendant’s rebuttal, and those who stand before a court of justice, one asserting, the other denying the validity of a judgment, can not — by a tardy and inconsistent exception — destroy the inevitable effect of their own pleadings, their own evidence, and prevent the court from passing upon the asserted and denied validity.
In a suit brought by the wife against her husband for- a separation of property, the testimony of the husband is not admissible to sustain any part of her demand. It follows that, in the suit of Mrs. Willis against her husband, no competent witness has testified, no legal evidence has been received, and that the judgment rendered in her favor was and remains an absolute nullity.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended, plaintiff’s demand rejected, and the judgment rendered in her favor and against her husband, by the parish court of the parish of Franklin, on the 24th of November, 1868, declared a nullity..
It is further ordered, adjudged and decreed that, as amended, the judgment of the lower court is affirmed, at plaintiff’s costs in both courts.